## Lewis L. Draper *vs.* John Halloran.

At the trial of an action brought by an indorsee against the maker on a promissory note, the plaintiff, to prove that the note was signed with the defendant's name by his authority, introduced evidence tending to show that it was made for the indorser's accommodation; that afterwards, in proceedings in bankruptcy against the indorser, the defendant testified that he was liable with him on a promissory note to the plaintiff, and produced a mortgage from the bankrupt, running to the defendant and two others, as security for this and other liabilities; that the validity of the mortgage was contested by the assignee in bankruptcy; and that, in a compromise between the assignee and the defendant, the note in suit was included as the one referred to in the defendant's testimony. *Held*, that it was incompetent for the defendant thereupon to prove that, in a subsequent release of the mortgage for a consideration less than the sum which it purported to secure, he permitted the other mortgagees to receive the whole consideration, because he did not consider himself liable on the note.

CONTRACT on a promissory note for $134, payable to the order of Patrick Halloran, and by him indorsed to the plaintiff. Trial and verdict for the defendant in the superior court before *Rockwell*, J., to whose rulings the plaintiff alleged exceptions, the material part of which is stated in the opinion.

*S. T. Spaulding*, for the defendant.

*W. Allen*, for the plaintiff.

GRAY, J. This is an action by indorsee against maker on a promissory note. The defendant denied his signature. The indorser testified that the defendant's name was signed to the note by the defendant's authority; that it was given in renewal of a like note signed by the defendant himself; and that both notes were made for the accommodation of the indorser. The plaintiff also offered evidence tending to show that he took the note in suit in good faith, believing it to be signed by the defendant personally; that the indorser afterwards became bankrupt, and his estate was assigned under the bankrupt law of the United States; that the defendant declared to the assignee in bankruptcy that he had a claim against the bankrupt's estate on a note for about $130 held by the plaintiff, and, on being examined on oath in the proceedings in bankruptcy, stated that he was liable with the bankrupt on a note to the plaintiff; that the defendant made claims against the bankrupt's estate, amounting to $1500, as security for all which he claimed to hold a mortgage of real estate from the bankrupt, the validity of which was contested by the assignee; that the defendant subsequently, with knowledge that the earlier note had been renewed, made a compromise with the assignee, in which the note in suit was included as one upon which the defendant was liable; and that there was no other note upon which the defendant was liable to the plaintiff except this and the other one already mentioned. The defendant gave in evidence the mortgage, which was to himself and two others, and purported to secure the payment of $3000.

The defendant was then allowed, against the plaintiff's objection and exception, to put in evidence a subsequent release of the mortgage by himself and the other mortgagees, and to testify that he never received anything on the note or the mortgage, that

the mortgagees received about $450 in all, and that he permitted the other mortgagees to have his part because he did not consider himself liable on the note in suit. And his counsel, in the argument to the jury, used this evidence as proof that the defendant at the time of the release believed that he was not liable on the note. This evidence was clearly incompetent. It consisted of subsequent declarations of the defendant in his own favor, and transactions to which the plaintiff was not a party, which had no legal tendency to explain or contradict the evidence afforded by his previous declarations and acts that he considered himself liable to the plaintiff upon the note in suit.

*Exceptions sustained.*